IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> CHRISTIAN BADILLO-HERNANDEZ <br> Defendant | CRIM. NO. 14-453 (ADC) |

### ORDER

The issue before the Court is whether Defendant, who is currently detained pending trial in Crim. No. 24-148, has a right to a preliminary revocation hearing under Rule 32.1 of the Federal Rules of Criminal Procedure. For the reasons discussed below, the undersigned finds that Defendant does not have a right to a preliminary revocation hearing at this juncture.

**I.    Procedural Background**

On March 7, 2024, the United States Probation Office ("USPO") filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 86. The USPO alleged that, on March 6, 2024, Defendant was found in possession of a Glock pistol model 23, bearing serial number BWTP975 at the firearm slide and bearing serial number BHP881 at the firearm frame, and that the firearm contained a chip to shoot automatically. Id. As alleged, Defendant was also found in possession of 68 rounds of .40 caliber ammunition, two extended magazines, and one regular magazine. Id. Defendant was charged in state court and released on bond. Id. The USPO alleged violations to: "1. Mandatory Condition: 'The defendant shall not commit another federal, state or local crime.' and 2. Mandatory Condition: 'The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.'". Id. An arrest warrant was issued on March 7, 2024. Docket No. 89. On March 12, 2024, Defendant was brought before the Court for an initial appearance. Docket No. 95. Defendant was ordered temporarily detained and a preliminary revocation hearing was scheduled for March 20, 2024. Id.

On March 19, 2024, the parties filed a joint motion for continuance of the preliminary revocation hearing "to allow the initial commonwealth proceedings to conclude." Docket No. 102. The

1

case was called on March 20, 2024, but the defense again requested a continuance of the preliminary revocation hearing. Docket No. 104. Defendant nonetheless argued for conditions of release, which were denied. Id. The preliminary revocation hearing was reset for April 29, 2024. Id.

On April 17, 2024, the grand jury returned an Indictment in Crim. No. 24-148, charging Defendant with violations of 18 U.S.C. § 922(o) (possession of a machinegun) and 18 U.S.C. § 922(g)(1) (prohibited person in possession of a firearm and ammunition: felon). Crim. No. 24-148 at Docket No. 1. As a basis for both charges, the Indictment cites to criminal conduct on March 6, 2024, and to the same firearm and ammunitions referenced in the motion at Docket No. 86. That is, the conduct charged in the motion filed by the USPO is the same as that charged in the Indictment. A supplemental motion was filed by the USPO informing the Court of the Indictment in Crim. No. 24-148. Docket No. 107. Defendant moved to consolidate this case with Crim. No. 24-148. See Docket Nos. 109, 111. On April 24, 2024, Defendant requested another continuance of the preliminary revocation hearing. Docket No. 112. The matter was scheduled for a preliminary revocation hearing to be held on May 9, 2024. Docket No. 118.

On May 2, 2024, Defendant was detained pending trial in Crim. No. 24-148. See Crim. No. 24-148 at Docket No. 13. On May 9, 2024, the case was called for a preliminary revocation hearing. Docket No. 120. Defendant again requested a continuance of the hearing. Id. The Court inquired as to whether such a continuance was necessary given the fact that Defendant was detained in Crim. No. 24-148 and was not deprived of liberty solely on account of the revocation proceedings. Id. Defendant requested time to consider the issue. Id. Defendant filed an informative motion arguing that he has a right to a preliminary revocation hearing. Docket No. 122. On May 13, 2024, the undersigned heard arguments on the issue. The Government argued that Defendant does not have a right to a preliminary hearing.[1]

---

[1] The Government also argued that, because the grand jury returned an Indictment in Crim. No. 24-148 for the same criminal conduct, the Court could automatically make a finding of probable cause as to the violations alleged by the USPO at Docket No. 86. Defendant opposed. The undersigned took judicial notice of the Indictment in Crim. No. 24-148. Nonetheless, having considered the matter, the undersigned has concluded that an indictment **alone** is insufficient to make a finding of probable cause on revocation proceedings. The U.S. Supreme Court in Morrissey v. Brewer held that defendants charged with violations of conditions of parole have a right to be notified of the charges, to present evidence, and have a limited right of confrontation of the witnesses. 408 U.S. 471, 484-87. "An indictment is the product of a nonadversarial grand jury proceeding which does not accord the alleged violator the rudimentary procedural safeguards which Morrisey requires for preliminary revocation hearings." 2 N.P. Cohen, The Law of Probation and Parole at § 25:7 (2d ed. 1999) (discussing Morrissey, 408 U.S. at 484-86). But because the undersigned finds that Defendant does not have a right to a preliminary revocation hearing the issue is now moot.

Defendant argued the contrary. Defendant also requested another continuance of the preliminary revocation hearing. I took the matter under advisement. Docket No. 123.

**II.  Discussion**

In <u>Morrissey v. Brewer</u>, 408 U.S. 471, 484-86 (1972), the U.S. Supreme Court held that due process requires that a preliminary hearing be held to determine whether there is probable cause to believe that a defendant has committed acts that would constitute violations of parole. Rule 32.1 of the Federal Rules of Criminal Procedure provides that: "If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The Advisory Committee Notes to Rule 32.1 explain that: "**a preliminary hearing need not be held** if the probationer was at large and was not arrested but was allowed to appear voluntarily, or in response to a show cause order which 'merely requires his appearances in court,'; **if the probationer was in custody pursuant to a new charge**, or pursuant to a final conviction to a subsequent offense; or if he was arrested but obtained his release.". Advisory Committee Notes, 1979 Addition (emphasis added and internal citations omitted). As explained in 6 LaFave, <u>Criminal Procedure</u> at § 26.10(b), "[it] is commonly assumed that the fact of arrest was critical to the Court's preliminary hearing requirement [in Morrissey] and that consequently a preliminary hearing need not be held if (1) a show cause order which "merely requires his appearance in court," (2) the probationer is in custody pursuant to a different charge or pursuant to a final conviction of a subsequent offense […]").[2]

The rationale is that the Rule 32.1 preliminary hearing requirement is meant to provide procedural safeguards with respect to the loss of liberty that accompanies an arrest for violations of conditions of release. See <u>United States v. Saykally</u>, 777 F.2d 1286, 1288 (7th Cir. 1985); <u>United States v. Tucker</u>, 524 F.2d 77, 78 (5th Cir. 1975) ("The Supreme Court in Morrissey and Gagnon relied on the fact that revocation of parole or probation in the normal case operates to deprive the person affected of 'many of the core values of unqualified liberty' and 'inflicts a 'grievous loss' on the parolee (or probationer) and often on others.' […] [The] deprivation [of those rights] prompted the Court to determine that a preliminary as well as a final revocation hearing was required to afford the petitioner

---

[2] See also Moore's <u>Federal Practice</u> 3D at § 632.1.04 ("As the purpose of the hearing is to determine if there is probable cause **to continue detention pending revocation hearing**, a preliminary hearing is not required when the defendant is not in custody, or when the defendant is in custody for some other offense.") (emphasis added); 2 N.P. Cohen at § 25:3 ("The most obvious class of cases where no preliminary revocation hearing is required arises when the parolee or probationer suffers no loss of freedom as the result of the pending revocation hearing." This can occur "when the alleged violator is already incarcerated on another charge, and **therefore suffers no loss of liberty because of the pending revocation proceedings**.") (emphasis added).

due process of law."). Therefore, when there is no deprivation of liberty on account of revocation proceedings— such as when the defendant is summoned to appear but allowed to remain on conditions of release pending further proceedings— there is no need for a preliminary hearing. United States v. Vasquez-Perez, 742 F.3d 896, 899 (9th Cir. 2014) (due process concerns attach to revocation proceedings when there is a serious deprivation of liberty; but calculus changes when the defendant is already being held for an offense other than the alleged violation of conditions of supervised release) (quoting Morrissey, 408 U.S. at 481)).

      Decisions of the Fourth, Fifth, Eighth, and Ninth Circuits support the conclusion that, when a defendant is in custody for another charge, Rule 32.1 does not require the holding of a preliminary hearing. See United States v. Soles, 336 Fed. Appx. 287, 289 (4th Cir. 2009) (unpublished) ("Fed.R.Crim.P. 32.1 applies only to those in custody solely for the violation of their supervised release."); Tucker, 524 F.2d at 78 (there is no right to a preliminary hearing when defendant is convicted and serving a sentence on another matter); Deveny v. United States Board or Parole, 565 F.2d 875, 879 (5th Cir. 1978) (same); United States v. Moorer, 250 F.3d 739 (5th Cir. 2001) (unpublished) (defendant taken into custody on warrant for new charges, preliminary hearing was not necessary and due process rights not violated when probation was revoked); United States v. Pardue, 363 F.3d 695, 696-698 (8th Cir. 2004) (defendant not held solely for his violations of supervised release, defendant held on state charges; no need for preliminary hearing); United States v. Jackson, 358 Fed. Appx. 755, 757 (8th Cir. 2009) (unpublished) (defendant in custody for the federal drug crime when the court issued the warrant for violating his supervised release, no right to preliminary hearing); United States v. Diaz-Burgos, 601 F.2d 983, 984 (9th Cir. 1979) (revocation of probation without a preliminary hearing did not violate defendant's due process rights because defendant was detained on immigration charges); United States v. McNease, 52 Fed. Appx. 384 (9th Cir. 2002) (unpublished) (preliminary hearing not required because defendant was not in custody for violations of conditions of supervised release, but for his subsequent arrest for importing marijuana); Vasquez-Perez, 742 F.3d at 899 (defendant already in custody by reason of a second re-entry prosecution at the time revocation proceeding initiated; no need for preliminary hearing).

      The undersigned has not found First Circuit precedent directly on point. But the case of United States v. Chaklader, 987 F.2d 75 (1st Cir. 1993) is instructive. In that case a defendant who was on probation was arrested in California and charged under state law. Id. at 75-76. A district judge issued an arrest warrant for defendant's violation of probation. Id. at 76. Defendant pled guilty to the state charges and began serving time. Id. The state prison authorities notified federal authorities that defendant was

available on the detainer. Id. A probation revocation hearing was held 21 months after defendant was made available to federal authorities. Id. Defendant argued on appeal that the delay violated his due process rights to a speedy probation hearing. Id. The First Circuit first rejected defendant's contention that he had been in custody for violation of probation during the time between when he was made available on the detainer and the revocation hearing. Id. at 77. The First Circuit then rejected the defendant's due process arguments noting that "there is no 'constitutional duty to provide petitioner an adversary parole hearing *until he is taken into custody as a parole violator*…'". Id. (emphasis in the original, citations and quotations omitted). Chaklader thus supports the conclusion that Rule 32.1 procedural safeguards are not triggered until a defendant is in custody for violations of conditions of release.

Defendant is currently in custody for new criminal charges in Crim. No. 24-148. He is not detained solely on account of these revocation proceedings. After careful consideration of the text of Rule 32.1, the notes and analysis of the rule, and the persuasive decisions of other circuits, I conclude that Defendant does not have a right to a preliminary revocation hearing at this juncture. The case is referred to the presiding District Judge for final revocation proceedings.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 16th of May 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge